**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JACK DAVID GETZ, | No. 14-15816 |
| Petitioner-Appellee, | D.C. No. 3:06-cv-00320-MMD-VPC |
| v. | |
| JACK PALMER and ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted January 10, 2017
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and ERICKSON,[**] District Judge.

The State of Nevada appeals from the district court's grant of Jack Getz's

petition for a writ of habeas corpus, seeking reversal in light of our court's decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

in *Moore v. Helling*, 763 F.3d 1011 (9th Cir. 2014). We review de novo, *McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008), and we reverse and remand.

On February 14, 2000, a jury found Getz guilty of first degree murder after receiving the state *Kazalyn* instruction regarding premeditation. *See Kazalyn v. State*, 108 Nev. 67, 75-76 (1992) (premeditation instruction in first degree murder cases sufficiently distinguishes between "premeditation and malice aforethought"). Two weeks after his jury conviction, the Nevada Supreme Court decided in *Byford v. State*, 116 Nev. 215, 235-36 (2000), that the *Kazalyn* instruction should no longer be given because premeditation and deliberation should be considered separate elements required to convict for first degree murder. Subsequently, the United States Supreme Court decided in *Bunkley v. Florida*, 538 U.S. 835, 841 (2003), that where a potentially exonerating change in state law occurs before a defendant's conviction is *final*, due process requires the state to apply the change to the defendant's conviction.

Relying on *Bunkley*, we decided in *Babb v. Lozowsky*, 719 F.3d 1019, 1030-33 (9th Cir. 2013), that it was a violation of clearly established United States Supreme Court law not to apply the new *Byford* instruction in cases where a defendant's conviction was not final when *Byford* issued. Getz's conviction was

affirmed by the Nevada Supreme Court on March 13, 2002, and became final on June 11, 2002. The district court therefore determined that Getz was entitled to habeas relief under *Babb*.

One month later, the United States Supreme Court issued its opinion in *White v. Woodall*, 134 S.Ct. 1697 (2014). In *Woodall*, the Supreme Court held that relief under 28 U.S.C. § 2254(d) is prohibited where there can be "fairminded disagreement" on the question of whether changes in state law apply to cases pending on direct review when the law is changed. *Id.* at 1702. Our court then determined in *Moore v. Helling* that *Woodall* effectively overruled *Babb*. *Moore*, 763 F.3d at 1021-22. Because Moore's conviction was final before *Bunkley* was issued, we determined that the Nevada Supreme Court did not unreasonably apply clearly established Supreme Court law when it declined to apply the *Byford* instruction in his case. *Id.* Therefore, we likewise hold that the Nevada Supreme Court did not unreasonably apply clearly established Supreme Court law when it declined to apply *Byford* in Getz's case, who is in the same procedural posture as defendant Moore: his conviction was final on June 11, 2002, prior to *Bunkley*.

Getz has thus failed to show that the trial court's use of the *Kazalyn* instruction violated his due process rights. The use of the *Kazalyn* instruction at

Getz's trial did not do so, because at that time in Nevada, first-degree murder included only one mens rea instruction – the *Kazalyn* instruction.

**REVERSED** and **REMANDED** for consideration in accord with *Moore v. Helling*, 763 F.3d 1011 (9th Cir. 2014).